IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

EDWIN J. CHAMUL,

    Defendant.

8:09CR452

MEMORANDUM AND ORDER

    This matter is before the court on defendant's motion for relief pursuant to 28 U.S.C. § 2255. Filing No. 51. Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. Rule 4(b), Rules Governing Section 2255 Proceedings (2013). The rules provide that if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," the court must dismiss the motion. *Id.* The rules additionally indicate that unless it does plainly appear that the moving party is entitled to no relief, the court must order the United States attorney to file a response. *Id* at 5(a)

    Defendant entered a guilty plea for a violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e), felon in possession of firearm, which was accepted by the court on October 13, 2010. Filing No. 45. Judgment in this case was delivered on October 21, 2010, and the defendant was sentenced to a term of 188 months and 5 years supervised release. Filing No. 48. This sentence was based upon an offense level of 34 which was determined in part due to the criminal history of the defendant. Prior to his conviction on October 13, 2010, the defendant had three previous felony convictions

for robbery, assault by a confined person, and second degree assault. Filing No. 46. Pursuant to 18 U.S.C § 924(e), these convictions are applicable to qualify the defendant as a career criminal. The defendant is presently seeking relief from the use of these convictions in the determination of his offense level, and subsequently the length of his sentence. Defendant has filed no appeals or previous motions for post-conviction relief in this case. Defendant filed the present motion on March 17, 2014. Filing No. 51.

On initial review, the court finds that it plainly appears that the defendant is entitled to no relief. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, provides in part that:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

First, defendant files his present motion more than one year after his conviction became final. In his motion for relief, however, defendant cites two recent cases which he believes will allow him to file under 28 U.S.C. § 2255(f)(3), in spite of the statute of limitations issue. In support of his motion, defendant relies on *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013) (decided on April 23, 2013), and *Descamps v. United States*, 133 S.Ct. 2276 (2013) (decided on June 20, 2013). Filing No. 51. In *Moncrieffe,* the

petitioner pled guilty to possession of marijuana with intent to distribute, a violation of Ga. Code Ann. § 16-12-30. *Moncrieffe,* 133 S.Ct. at 1683. This conviction was viewed as an aggravated felony because the corresponding federal statute, 21 U.S.C. § 841, provided for a punishment of up to five years' imprisonment, and the petitioner was therefore pursued by the federal government in a deportation action. *Id.* (citing 21 U.S.C. § 841(b)(1)(D)). Petitioner argued that because 21 U.S.C. § 841(a) encompasses both felony and misdemeanor possession, and because the circumstances of his own case only met misdemeanor requirements, he could not be subject to the consequences of an aggravated felony. *Id.* at 1683, 1684. The Supreme Court agreed with this assessment and held that if a state statute is divisible and in part treats a crime as a misdemeanor, that crime may not be viewed as an aggravated felony by default when reviewed for application to other criminal proceedings. *Id.* at 1693, 1694.

In *Descamps*, petitioner was convicted of a violation of 18 U.S.C. § 922(g), felon in possession of a firearm. *Descamps,* 133 S.Ct. at 2282. The government sought to enhance the conviction under the Armed Career Criminal Act ("ACCA") definition of a career criminal using petitioner's prior convictions for burglary, robbery, and felony harassment. *Id.* Petitioner argued that his previous conviction for burglary under Cal. Penal Code. Ann. § 459 did not require that his entry into an establishment be unlawful, and as such was beyond the scope of the definition for burglary as "generically" defined in 18 U.S.C. § 924(e)(2)(B). *Id.* The California Code, as written, punishes a "person who enters . . . with the intent to commit grand or petit larceny or any felony is guilty of burglary." *Id.* (citing Cal. Penal Code § 459 (West 2010)). This definition goes beyond

the standard definition of burglary, which requires breaking and entering. *Descamps,* 133 S.Ct. at 2282. Despite the fact that petitioner did not deny having illegally entered a business, the Supreme Court held that because the statute under which he was convicted did not require a factfinder to make a determination that breaking and entering had occurred, the conviction itself may not be treated as if it encompassed such elements. *Id.* at 2293.

*Moncrieffe* relies upon caselaw that was previously established in *Taylor v. United States*, 110 S.Ct. 2143 (1990). *Moncrieffe,* 133 S.Ct. at 1684. In *Taylor* and in several subsequent cases, a "categorical approach" was used to determine whether the state statute fits within a "generic" federal definition. *Id.* (citing, e.g., *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 185-187 (2007)). Under this approach, the individual facts of the case are not relevant to the future use of the conviction and, as such, the offense may only be matched to a federal offense if the state statute necessarily requires as elements of the crime those facts that would substantiate the federal crime. *Moncrieffe*, 133 S.Ct. at 1684 (citing *Shepard v. United States*, 544 U.S. 13, 24 (2005)). Additionally, *Moncrieffe* cites to *Johnson v. United States*, 559 U.S. 133 (2010), in which the court held that, in reviewing previous convictions, a court must not look to the facts of the case but rather must presume that "the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized." *Moncrieffe*, 133 S.Ct. at 1684 (citing *Johnson,* 559 U.S. at 137).

*Descamps* also looks to *Taylor* as a basis for its opinion . *Descamps,* 133 S.Ct. at 2283. The court itself states that the law upheld in its decision is not new; rather that the "caselaw explaining the categorical approach and its 'modified' counterpart all but

4

resolves th[e] case." *Id.* In *Descamps*, the court focused its review upon the elements as the key to application of a previous conviction to the ACCA, not the facts of the offense. *Id. (citing Taylor*, 495 U.S. at 599).

The court concludes, as discussed hereinafter, that neither *Moncrieffe* nor *Descamps* represents new law. Therefore, on that basis, the motion for relief under 28 U.S.C. § 2255 must be dismissed. Because the cases cited by the defendant are not applicable, defendant has not timely filed his § 2255 motion.

In the alternative, even if *Moncrieffe* and *Descamps* are found to be new law which is retroactive, the defendant's 28 U.S.C. § 2255 motion still fails as the cited cases do not apply to the facts of his case. In the present motion, defendant argues that, following *Moncrieffe* and *Descamps*, his previous convictions may not be used to aggravate his sentence or to establish him as a career criminal as defined by 18 U.S.C. § 924(e). Defendant states that his previous convictions of assault by a confined person, assault in the second degree, assault in the second degree with use of deadly weapon, and assault in the first degree do not meet the requirements of a violent felony under 18 U.S.C. § 924(e). Filing No. 51. However, the actual convictions used to identify the defendant as a career criminal were robbery, assault by a confined person, and second degree assault. In order for *Moncrieffe* and *Descamps* to apply, these convictions must have been for crimes that were punished as a felony by default under a divisible statute or they must have been convictions under which an element that establishes the crimes as a violent crime was not present in the state statute. *Moncrieffe*, 133 S.Ct. at 1684, 1693-1694; *Descamps*, 133 S.Ct. at 2293.

5

Under the Revised Statutes of Nebraska Annotated, each of defendant's prior convictions is always considered a felony and has as a required element an aspect of violence. All that is required by 18 U.S.C. § 924(e)(2)(B)(i) to meet that aspect of violence is that the previous conviction "has as an element the use, attempted use, or threatened use of physical force against the person of another." In Nebraska, robbery is always punished as a class II felony and requires, as one of its elements, that the offender "forcibly and by violence, or by putting in fear, takes from the person." Neb. Rev. St. § 28-324. Assault by a confined person is always punished as a felony (either class IIIA or class III if a deadly or dangerous weapon was used) under Nebraska State statute, and requires as an element that the offender "intentionally, knowingly, or recklessly cause[] bodily injury to another person." Neb. Rev. St. § 28-932(1). As written, under the Nebraska State statutes, assault in the second degree is a divisible offense with different elements required for various convictions. Neb. Rev. St. § 28-309. However, every conviction under the statute, regardless of which of the elements is met, is a Class III felony. *Id.* Additionally, every permutation of the crime requires an element that fits the definition of a violent crime:

> (1)(a) Intentionally or knowingly causes bodily injury to another person with a dangerous instrument;
>
> (1)(b) Recklessly causes serious bodily injury to another person with a dangerous instrument; or
>
> (1)(c) Unlawfully strikes or wounds another (i) while legally confined in a jail or an adult correctional or penal institution, (ii) while otherwise in legal custody of the Department of Correctional Services, or (iii) while committed as a dangerous sex offender under the Sex Offender Commitment Act.

*Id.*

Because of the nature of the convictions used to enhance sentencing for the defendant and establish him as a career criminal under the ACCA, neither *Moncrieffe* nor *Descamps* applies. None of the previous convictions could have been a misdemeanor under any permutation. Additionally, all of the prior convictions were sentenced under a state statute that clearly identified an element of violence as a requirement for conviction.

THEREFORE, IT IS ORDERED that on initial review, the court finds that summary dismissal is appropriate, and plaintiff's motion pursuant to 28 U.S.C. § 2255, Filing No. 51, is denied. A separate judgment will be entered in conjunction with this Memorandum and Order.

Dated this 11th day of June, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge