IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

EDWIN JAVIER CHAMUL,

          Defendant.

8:09CR452

MEMORANDUM AND ORDER

    This matter is before the court on defendant's motion for reconsideration of a summary dismissal of a motion for relief pursuant to 28 U.S.C. §2255, and/or in the alternative as a request for certificate of appealability. Filing No. 57; *United States v. Chamul,* No. 8:09CR452, 2014 WL 2607821 (D. Neb., June 11, 2014). The court has reviewed the defendant's request and finds the motion to be without merit.

    In his motion for reconsideration, Chamul argues that this court did not apply the categorical approach nor the modified categorical approach as outlined in *Taylor v. United States,* 110 S.Ct. 2143 (1990). Further, he argues that the government did not provide documentation about his convictions as required by *Shepard v. United States,* 125 S. Ct. 1254 (2005). To remedy these argued errors, Chamul requests that the court apply the divisibility test established in *United States v. Tucker*, 740 F.3d 1177, 1181 (8th Cir. 2014) and in *United States v. Martinez*, No. 13-3175, 2014 WL 2922312 (8th Cir. June 30, 2014).

    In *United States v. Tucker*, the defendant was convicted of being a felon in possession of a firearm and received a sentence enhancement for career criminal status. *Tucker*, 740 F.3d at 1179. On appeal, Tucker questioned whether a conviction

under the Nebraska escape statute could qualify as a violent felony. *Id.* Because the applicable statute included the phrase "fails to return to official detention following temporary leave granted for a specific purpose or limited period," it was determined that not all permutations of the statute actually constituted violence. *Tucker*, 740 F.3d at 1181; Neb. Rev. St. § 28-912. The court in *Tucker* held that in order to determine whether a past conviction qualifies as a violent felony, the "categorical approach" must be applied "under which we 'look only to the fact of conviction and *the statutory definition of the prior offense*.'" *Tucker*, 740 F.3d at 1179 (emphasis added). However, the categorical approach or modified categorical approach only applies when the statutes under which the defendant was charged are broader than the generic version, divisible in their range of penalties, or divisible in elements and do not always require an aspect of violence. *Taylor* 110 S. Ct. at 2158; *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). The statute in *Tucker* was divisible in a way that resulted in at least one of the alternatives being a non-violent offense and as such the categorical approach was required. *Tucker,* 740 F.3d at 1181.

As stated in the court's earlier order, Chamul's prior convictions for robbery, assault by a confined person, and second degree assault are convictions for crimes that include violence as an element of the crime under statutory definitions. *Chamul,* 2014 WL 2607821 at *3; *Tucker*, 740 F.3d at 1179. All that is required for career criminal status under 18 U.S.C. § 924(e)(2)(B)(i) for a crime of violence is that the previous conviction "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Chamul,* 2014 WL 2607821 at *3. The defendant's predicate crimes all have violence as an element. *See id.*

Neither the *Shepard* case nor the *Martinez* case provide support for Chamul's position. *Shepard* requires that judicial fact-finding is limited to the information that may be found in the charging document, terms of the plea agreement, and transcript of the factual basis for the plea as it is confirmed by the defendant. *United States v. Haas,* 599 F.Supp.2d 1061, 1072 (8th Cir. 2008) (citing *Shepard*, 125 S. Ct. at 1254). In *Shepard,* the government used police reports to establish an element of violence. *Shepard*, 125 S. Ct. at 1258. That is not the case with respect to Chamul's convictions. In *Martinez*, the Eighth Circuit Court of Appeals explained that "[u]nder the elements-based inquiry, the sole permissible purpose of the modified categorical approach is "to determine which statutory phrase was the basis for the conviction." *Martinez*, 2014 WL 2922312 at *4. Because the predicate offenses all contained violence as an element, there is no need to consult additional documents under the modified-categorical approach. Therefore, *Martinez* does not apply. The government was not obliged to offer "Shepard-required" documents because the defendant admitted to the fact of the prior convictions (and the corresponding element of violence in each generic crime) in his Rule 11(c)(1)(C) plea to an indictment that charged an offense under 18 U.S.C. § 924(e).

Chamul seeks a certificate of appealability on the issue of the retroactivity of *Descamps* and *Tucker*. The court declines to issue a certificate of appealability for the reason that, whether retroactive or not, *Descamps* and *Tucker* do not apply to the circumstances of Chamul's case. Reasonable jurists could not differ on that issue.

THEREFORE, IT IS ORDERED that:

1. The defendant's motion for reconsideration (Filing No. 57) is denied.

2. The defendant's motion for a certificate of appealability (Filing No. 57) is denied.

Dated this 23rd day of July, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge